# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Roy Rusch McCarter,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>State of Nevada, et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-00641-ART-DJA<br><br>**Order**<br>**&**<br>**Report and Recommendation** |

Before the Court is *pro se* Plaintiff Roy Rusch McCarter's application to proceed *in forma pauperis* (ECF No. 2). Plaintiff brings a lawsuit under 4 U.S.C. § 1983 for violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, alleging that two arrests were invalid because they were not supported by probable cause. (ECF No. 2-1 at 5). Plaintiff alleges that both instances were based on fabricated evidence. (*Id.* at 6). Plaintiff also alleges that the mobile home park where he kept his home fraudulently sold his home while he was incarcerated. (*Id.* at 5).

### A.   *In forma pauperis* application.

Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. The Court grants Plaintiff's request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint.

### B.   Screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

    **A.    *The Court recommends dismissing Plaintiff's clams attacking the validity of his criminal charges with prejudice.***

Plaintiff seeks damages under 42 U.S.C. § 1983 for violation of his constitutional rights in state court criminal proceedings. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the

conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Plaintiff's 110-page complaint alleges that on two instances he was arrested, the arrests were not based on probable cause and that the following criminal cases were based on fabricated evidence. The complaint thus challenges the validity of Plaintiff's underlying convictions. But Plaintiff does not allege his convictions or sentences have been reversed or otherwise invalidated. Instead, it appears that he is awaiting trial on bail.

Plaintiff cannot attack his convictions in a civil rights action. The decision must have been successfully attacked before the civil rights action is filed. *Heck*, 512 U.S. at 489-90. Plaintiff's claims regarding his convictions are not cognizable unless and until Plaintiff can show that the criminal conviction has been set aside by the grant of writ of habeas corpus. *Id.* at 487. The deficiencies identified cannot be cured and therefore further leave to amend these claims would be futile. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him); *see also Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (prisoner's Sixth Amendment claim of denial of access to counsel while a pretrial detainee barred by *Heck* because claim would necessarily imply invalidity of subsequent conviction).

### B. The Court recommends dismissing Plaintiff's fraud claim without prejudice.

Plaintiff's complaint also alleges that, after Plaintiff took over the lease of his mobile home space, Defendant Silverado Mobile Home Park (SMHP) left the lease in the former leaseholders' names. (ECF No. 2-2 at 89-90). After he was incarcerated, Plaintiff claims that he gave his cell phone and debit card to third party, Alba Rivera, to pay his rent. (*Id.*). Rivera then called Amber Silverado, the SMHP manager to pay rent, but Silverado "would not accept payment." (*Id.*). When Rivera went to the office, she was still "not allowed to make a payment." (*Id.*). As a result, Plaintiff defaulted on his lease and SMHP sold Plaintiff's home in an auction to itself. (*Id.*). Plaintiff appears to be alleging that SMHP fraudulently declined his payments so that it could allow the property to fall into default and sell the property to itself. It is unclear how Plaintiff's claims about the former leaseholders factor into these allegations.

The elements for fraudulent misrepresentation in Nevada are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation. *Childs v. Selznick*, 281 P.3d 1161, 2009 WL 3189335, at *2 (Nev. 2009). The circumstances constituting fraud must be alleged with particularity. Nev. R. Civ. P. 9(b). Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. *Id.*

Here, to the extent Plaintiff is alleging that SMHP fraudulently misrepresented that it could not accept his payments, he has not alleged sufficient specificity for this claim. Plaintiff has not alleged why Silverado said she could not accept payment, or why the office at SMHP said it would not accept payment. He only states that they would not accept payment. Without more, Plaintiff does not provide enough specificity to allege that SMHP made a false representation and knew that the representation was false—the first two elements of a fraudulent misrepresentation claim. The Court thus recommends dismissing Plaintiff's fraud claim without prejudice giving leave to amend.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff will not be required to pay the filing fee in this action, Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF Nos. 2-1 and 2-2) but shall not issue summons.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims challenging the validity of his arrests and convictions be **dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's fraud claim be **dismissed without prejudice and with leave to amend.**

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 21, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE