UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY RUSCH MCCARTER,<br><br>                     Petitioner,<br>  v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                     Respondents. | Case No. 2:22-cv-00641-ART-DJA<br><br>ORDER |

**I.**    **SUMMARY**

*Pro se* Plaintiff Roy Rusch McCarter, brings this action under 42 U.S.C. § 1983 against Defendant State of Nevada and other Defendants in connection with alleged false arrests by the Las Vegas Metropolitan Police Department (LVMPD) and the sale of a motor home while Plaintiff was in jail. (ECF No. 7.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Daniel J. Albregts (ECF No. 6), recommending the Court dismiss with prejudice Plaintiff's claims challenging the validity of his arrests and convictions and dismiss without prejudice Plaintiff's fraud claims related to the motor home sale (ECF Nos. 7). Plaintiff filed two objections to the R&R. (ECF Nos. 8, 11.) Because the Court agrees with Judge Albregts' analysis as to the fraud claims but disagrees with the recommendation as to Plaintiff's claims related to his arrest, the Court will adopt the R&R in part and will deny it in part. Accordingly, the Court will dismiss Plaintiff's fraud claims without prejudice but refer the arrest-based claims to Judge Albregts for screening.

**II.**    **BACKGROUND**

Plaintiff alleges the following. Plaintiff claims that he was falsely arrested by officers using lethal force on two occasions without probable cause. (ECF No.

7 at 5.) later filed a Motion to Dismiss, and the District Attorney did not object. (*Id.*)

Plaintiff alleges various violations connected to his arrests. Plaintiff brings a claim under Title VI of The Civil Rights Act of 1964, alleging LVMPD's arrest methods and probable cause determinations have a discriminatory impact on African Americans and people of color. (ECF No. 7-1 at 18.) He also claims that LVMPD and its officers violated his Fourteenth Amendment Equal Protection rights by "committing a continued pattern and practice of intentional race discrimination in criminal investigations." (*Id.* at 28.) Plaintiff further alleges Defendants violated his Fourth and Fourteenth Amendment rights against unlawful detention when they incarcerated him based on fabricated incriminating evidence and pursued charges against him while knowingly relying on false evidence. (*Id.* at 60-67.) Plaintiff also claims that Defendants violated his right under the Fourth and Fourteenth Amendments to be free form unreasonable searches and seizures. (*Id.* at 67-83.)

Plaintiff brings additional claims against Silverado Mobile Home Park (SMHP) for selling his mobile home while he was incarcerated. Plaintiff claims that SMHP unlawfully left the lease in the names of former tenants because they knew Plaintiff did not qualify to lease the property. (*Id.* at 89-90.) Plaintiff asked Alba Rivera to pay his rent while he was incarcerated, but Amber Silverado refused to accept the payment. (*Id.* at 90.) In July 2019, SMHP sold Plaintiff's home in an auction to itself. (*Id.*)

### III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review

is thus de novo because Plaintiff filed his Objection. (ECF Nos. 8, 11.)

**IV.   DISCUSSION**

Plaintiff makes several arguments in his Objection. First, Plaintiff argues that he properly brought his arrest-based claims because the underlying charges were dismissed. (ECF No. 8 at 13.) Second, Plaintiff argues that SMHC fabricated that the former tenants still leased Plaintiff's home and then SMHC refused rent payments by his proxy, resulting in them buying his home in an auction. (*Id.* at 14-15.) The Court will address each argument in turn.

### A.   Plaintiff's First Argument

Plaintiff is correct that he could properly bring his arrest-based claims in a civil rights action. Plaintiff notes that the magistrate order incorrectly states that he is awaiting trial when his case was actually dismissed. (ECF Nos. 7 at 6; 7- at 92; 11 at 27.) An individual may not bring a § 1983 claim seeking damages for an unconstitutional conviction or confinement unless they can show that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). However, since Plaintiff has shown that he was never convicted, he can bring § 1983 claims related to his arrest and prosecution. *See Roberts v. City of Fairbanks*, 947 F.3d 1191, 1198 (9th Cir. 2020) (finding the *Heck* bar inapplicable when all convictions were vacated and underlying indictments orders dismissed). Thus, the Court will refer the arrest-based claims to Judge Albregts for screening.

### B.   Plaintiff's Second Argument

The Court agrees with Judge Albregts that the claims against SMHP do not meet the pleading requirements for fraud. "To succeed on a fraudulent misrepresentation cause of action, the plaintiff must prove that, '(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of

3

1  information for making the representation; (3) defendant intended to induce
2  plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage
3  to the plaintiff as a result of relying on the misrepresentation.'" *Childs v. Selznick*,
4  281 P.3d 1161, 2009 WL 3189335, at *2 (Nev. 2009).

5  While Plaintiff's argument is not clear, he appears to argue that the
6  Manager for SMHP, Mario Cuevas, filed a declaration falsely stating that the
7  former tenants still leased the property space even after they moved and Plaintiff
8  had bought the home from them. (ECF No. 7 at 5.) Plaintiff states that they
9  unlawfully left the lease in the prior tenants' name. (*Id.*) When Plaintiff was
10 incarcerated, he instructed Alba Rivera to pay his rent. (ECF No. 7-1 at 90.) Rivera
11 attempted to pay the rent by phone and in person to Amber Silverado, but she
12 refused to accept payment. (*Id.*) During this time, SMHP claimed that the former
13 tenants owed back rent, and they eventually sold the property to themselves in
14 an auction. (*Id.*; ECF No. 7 at 5.) Judge Albregts interpreted Plaintiff's complaint
15 as alleging that "SMHP fraudulently misrepresented that it could not accept his
16 payment," and found that the complaint lacked specificity to meet the first two
17 requirements of a fraudulent misrepresentation claim. (ECF No. 6 at 4.) The Court
18 agrees with Judge Albregts' analysis because Plaintiff did not provide clear
19 evidence that SMHP made a false statement when it said it could not accept
20 payment from Rivera nor that it knew the statement was false or believed this to
21 be the case.

22 In his Objection, Plaintiff repeats the same facts as in his complaint, but
23 appears to argue that SMHP "fabricat[ed] Ortega & Ramos were tenants to auction
24 off [Plaintiff's] home." (ECF No. 8 at 15.) If Plaintiff is trying to claim that SMHP
25 made a fraudulent misrepresentation that Plaintiff was not the current lessee,
26 then it is unclear how SMHP intended the statement to induce plaintiff to act or
27 refrain from acting upon the misrepresentation. Thus, Plaintiff has not shown
28 this statement meets the requirements for fraudulent misrepresentation.

In sum, the Court finds Plaintiff's arrest-based claims are not barred by *Heck*, but his fraud claim against SMHP does not meet pleading requirements. The Court therefore grants in part and denies in part Plaintiff's objection.

**V.   CONCLUSION**

It is therefore ordered that Plaintiff's objection (ECF No. 8) to the Report and Recommendation of U.S. Magistrate Judge Albregts is sustained in part and overruled in part, as stated herein. The Report and Recommendation (ECF No. 6) is therefore adopted in part and rejected in part.

It is further ordered that Plaintiff's arrest-based claims are referred to Judge Albregts for screening.

It is further ordered that Plaintiff's fraud claim against SMHP is dismissed without prejudice.

It is further ordered that Plaintiff cannot amend his complaint until Judge Albregts re-screens the surviving claims.

DATED THIS 21st Day of November 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE