UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Roy Rusch McCarter,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>State of Nevada, et al.,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-00641-ART-DJA<br><br>**Order** |

Before the Court is Plaintiff's complaint, which has been referred for re-screening of claims related to Plaintiff's arrest. (ECF No. 7). The Court finds that it cannot successfully screen Plaintiff's complaint because it does not set forth a short and plain statement of his claims. The Court thus dismisses Plaintiff's arrest claims with leave to amend.

**I.    Background.**

Plaintiff sues forty-six defendants, not including Doe defendants, in a complaint spanning over 100 pages and alleging ten causes of action. (ECF No. 7). Plaintiff's claims generally arise out his allegation that he was falsely arrested by officers using lethal force on two occasions without probable cause and that Silverado Mobile Home Park sold his mobile home while he was incarcerated. (ECF No. 7 at 5). On July 21, 2022, the Court screened Plaintiff's complaint in a report and recommendation which recommended that Plaintiff's claims challenging the validity of his arrests be dismissed with prejudice because they were more appropriately brought as *habeas claims*. (ECF No. 6). The Court also recommended that Plaintiff's claims for fraud related to the sale of his mobile home be dismissed without prejudice for failure to state a claim upon which relief can be granted. (*Id.*). Plaintiff objected to that report and recommendation, pointing out that he was never convicted for the crimes for which he was falsely arrested. (ECF No. 8). The assigned district judge thus sustained Plaintiff's objection regarding his arrest claims and directed the undersigned magistrate judge to re-screen Plaintiff's arrest claims. (ECF No. 12).

**II.     Discussion.**

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rule of Civil Procedure 8 as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). That is, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Federal Rule of Civil Procedure 8(a) states that '[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief.' A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (alteration in original) (citation omitted). To comply with Rule 8(a), "plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case[.]" *Id.*

Plaintiff correctly pointed out that, in initially screening his complaint, the Court missed his allegation that the charges against him were dismissed. However, this illustrates that the Court cannot fairly construe Plaintiff's claims as written because his complaint is neither short nor plain. Plaintiff provides precise and lengthy details, explanations, arguments, and evidence in his complaint. While the Court appreciates Plaintiff's attempt to provide it with complete information, the lack of conciseness and brevity make it unreasonably difficult for the Court to screen Plaintiff's complaint and fairly and liberally construe it in his favor.

The Court refers Plaintiff to the following admonitions of Circuit Judge Arthur Alcarón, sitting by designation in the United States District Court for the Eastern District of California:

> Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right…If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.
> ...

> The federal rules contemplate brevity…Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly…. Plaintiff must eliminate from [P]laintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.
>
> ...
>
> The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes…A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

*Clayburn v. Schirmer*, No. CIV S-06-2182-ALA-P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (internal citations omitted).

In *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996), the Ninth Circuit illustrated what a "short and plain" statement is by quoting from an official federal form as follows:

> The complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:
>
> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.
>
> Fed. R. Civ. P. Form 9.
>
> This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes.

*Id.* at 1177.

Because the Court cannot parse out Plaintiff's arrest claims as written, it dismisses those claims without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's claims related to his arrests be **dismissed without prejudice and with leave to amend**. Because Plaintiff's fraud claims are also dismissed with leave to amend, Plaintiff must file an amended complaint re-asserting each of his claims to proceed in this action. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. Additionally, any amended complaint must contain a **short and plain** statement of Plaintiff's claims showing that he is entitled to relief. That complaint must make each allegation simple, concise, and direct and allege with sufficient specificity what each defendant did and how that individual's conduct violated Plaintiff's civil rights. Plaintiff must file his amended complaint on or before **May 9, 2024. Failure to comply with this order will result in the recommended dismissal of this case.** The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: April 9, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE