UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROY RUSCH MCCARTER,<br><br>        Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br><br>        Defendants. | Case No. 2:22-cv-00641-ART-DJA<br><br>ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE<br>(ECF No. 16) |

*Pro se* Plaintiff Roy McCarter brings this action under 42 U.S.C. § 1983 against Defendant State of Nevada and other Defendants in connection with alleged false arrests by the Las Vegas Metropolitan Police Department (LVMPD) and the sale of a motor home while Plaintiff was in jail.

On November 21, 2023, the Court referred Plaintiff's complaint for-re-screening of his arrest-based claims by Magistrate Judge Albregts. (ECF No. 12.) Judge Albregts then issued an order dismissing Plaintiff's arrest-based claims without prejudice and with leave to amend, giving Plaintiff until May 9, 2024 to file an amended complaint. (ECF No. 13.) Plaintiff did not file an amended complaint, but filed a motion for appointment of counsel. (ECF No. 14.) Judge Albregts issued an order denying Plaintiff's motion for appointment of counsel, *sua sponte* extending Plaintiff's deadline to file an amended complaint to September 18, 2024, and warning Plaintiff that failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed. (ECF No. 15.) On September 27, 2024, when Plaintiff had not filed an amended complaint, Judge Albregts issued a Report and Recommendation (R&R) recommending that the case be dismissed without prejudice for failure to file an amended complaint. (ECF No. 16.)

1

On October 16, 2024, Plaintiff filed an appeal from Judge Albregts's R&R, which the Court construes as an objection to the R&R. (ECF No. 17.) At the same time, Plaintiff filed an amended complaint. In his objection, Plaintiff states that he attempted to file an amended complaint on September 18, 2024, but that that "the email apparently did not file." (*Id.* at 1.) Additionally, Plaintiff states that he has Post-Traumatic Stress Disorder and needs an attorney's assistance. (*Id.*)

Under Federal Rule of Civil Procedure 6(b)(1), A court "may, for good cause, extend the time" for an action, "(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Plaintiff has now filed an amended complaint. Because Plaintiff shows good cause and excusable neglect for his failure to file an amended complaint before the deadlines set by the Court, the Court will *sua sponte* grant Plaintiff an extension of time *nunc pro tunc* to October 16, 2024, and accept his amended complaint. Because Plaintiff has now filed an amended complaint in this action, the Court rejects Judge Albregts's R&R as moot.

Plaintiff also objects to Judge Albregts's R&R on the grounds that he did not consent to a magistrate judge. For clarification purposes, this action was referred to Judge Albregts pursuant to 28 U.S.C. § 636(b)(1)(B). Under 28 U.S.C. § 636(b)(1)(B), a federal district judge may designate a magistrate judge to submit to the court proposed findings of fact and recommendations for disposition of certain motions. 28 U.S.C. § 636(b)(1)(B). Under Local Rule IB 1-4, "[w]hen a district judge refers to a magistrate judge a motion, petition, or application that a magistrate judge may not finally determine under 28 U.S.C. § 636 (b)(1)(B), the magistrate judge must review it, conduct any necessary evidentiary or other hearings, and file findings and recommendations for disposition by the district judge." Any party may then serve and file written objections to the magistrate

judge's recommendation. 28 U.S.C. § 636(b)(1)(C). The district judge may then accept, reject, or modify the recommendations of the magistrate judge. *Id.* The district judge thus decides whether to grant case-ending (dispositive) motions and would preside over any trial. This report and recommendation process does not require consent of the parties.

Here, screening of Plaintiff's complaint was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1). Judge Albregts issued a report and recommendation in this case for the district judge to either accept, reject, or modify. Thus, consent of the parties was not required for Judge Albregts to issue a report and recommendation in this matter.

**Conclusion**

It is therefore ordered that Judge Albregts's Report and Recommendation recommending dismissal of this case for failure to file an amended complaint (ECF No. 16) is REJECTED AS MOOT.

It is further ordered that Plaintiff's first amended complaint (ECF No. 18) is referred to Magistrate Judge Albregts for screening pursuant to 28 U.S.C. § 636(b)(1).

Dated this 10th day of February, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3